UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE RUDEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 752 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner | ) | Magistrate Judge Susan E. Cox |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Jacqueline Rudek seeks reversal of the Administrative Law Judge's decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act. A motion for summary judgment has also been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security. For the reasons outlined, plaintiff's motion is denied [dkt. 15], and defendant's motion is granted [dkt. 21].

# STATEMENT

Plaintiff Jacqueline Rudek sought disability benefits for a number of ailments, including persistent neck and back pain, fibromyalgia, chronic sinusitis, and diabetes.[1] On June 29, 2012, Administrative Law Judge ("ALJ") Linda S. Halperin denied plaintiff's application for social security benefits.[2] Here, Plaintiff seeks reversal of the ALJ's decision denying her application under Title II of the Social Security Act (the "Act"). A motion for summary judgment has also

---

[1] R. at 178.
[2] R. at 25.

been filed on behalf of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner").

The ALJ's decision must be upheld if it follows the administrative procedure for determining whether the plaintiff is disabled as set forth in the Act,[3] if it is supported by substantial evidence, and if it is free of legal error.[4] Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.[5]

The Social Security Administration has created a five-step process to determine whether an applicant is disabled within the meaning of the Act.[6] These steps are cumulative; that is, if an applicant fails one step, the ALJ need not move on to the next.[7] The ALJ in the instant case did something unusual: she determined that Plaintiff was not disabled in the first step of the process, but decided to give her "the benefit of the doubt" and move forward, because there "appear[ed] to be another reason to deny th[e] claim."[8]

The first step of this five-step process is determining whether the applicant is engaging in "substantial gainful activity."[9] The Social Security Administration provides a very clear earnings threshold, which is determined by multiplying the ratio of the national average wage for the previous two years before the applicant's date of onset and the national average wage for the year 1998, by 700.[10] If the applicant earned more than this threshold amount from employment, then she is presumed to have demonstrated her ability to perform substantial gainful activity; this

---

[3] 20 C.F.R. §§ 404.1520(a) and 416.920(a).
[4] 42 U.S.C. § 405(g).
[5] *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citing *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009)).
[6] 20 C.F.R. § 404.1520(a).
[7] *Id.*
[8] R. at 21.
[9] 20 C.F.R. §§ 404.1520(b) and 416.920(b).
[10] 20 C.F.R. § 404.1574(b)(2)(ii)(B). For clarity, if $x$ = the national wage average for the two years previous to claimant's onset date, and $y$ = the national wage average for 1998, then $(x/y)700$ = the earnings threshold.

presumption is rebuttable.[11] If the applicant has performed substantial gainful activity, then she is not disabled under the Act.[12] The ALJ performed this calculus and determined that Plaintiff's earnings exceeded that threshold and, thus, that Plaintiff was not disabled.[13] Plaintiff does not rebut the presumption against her, nor respond to the ALJ's determination in her brief.

The ALJ found that the decision could end at step one, but she decided to move through the next steps.[14] She did so because "there appear[ed] to be another reason to deny the claim," and "because of the variety of severe impairments it seemed that a closer look at the actual impairments should be given in order to determine if a trial work period would be in order."[15] She eventually determined that although Plaintiff had severe impairments, she was capable of residual functional capacity equivalent to her previous work; in other words, she was able to continue working at her job.[16]

Despite the ALJ's willingness to move beyond the first step, it is unnecessary for us to do the same.[17] The ALJ did not waive her judgment on the first step, but merely postponed it, ultimately stating that "[i]t is clear . . . that this decision could have been denied at step one . . ." We can find no legal error in this determination. The Seventh Circuit has consistently upheld denials of disability benefits on the basis of earnings exceeding the threshold.[18] There is even substantial law to tell us that even *illegal* earnings exceeding this threshold constitute substantial

---

[11] 20 C.F.R. §§ 404.1574, 404.1575, 416.974, and 416.975.
[12] *Id.*
[13] R. at 24.
[14] R. at 21.
[15] R. at 21 and 24.
[16] R. at 24.
[17] *See, e.g., Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir. 1997) ("Because a finding adverse to claimant at this step bars her claim for benefits, we need not consider the other four steps in the five-step inquiry. We therefore do not reach the ALJ's alternative determination that Stevenson did not qualify as disabled . . . because despite her impairments, she retained her ability to do sedentary work." (internal citations omitted)).
[18] *See, e.g., Hildebrand v. Barnhart*, 29 Fed.Appx. 396 (7th Cir. 2002).

gainful activity, which shows the seriousness afforded to the wage threshold.[19] Plaintiff worked at a nursing home, earning in excess of 12,700 dollars in 2009, 12,500 dollars in 2010, and 13,300 dollars in 2010, amounts exceeding the earnings threshold.[20] The ALJ properly determined the amounts threshold by multiplying the monthly wage threshold provided by the Administration by twelve.[21] The yearly thresholds are 11,760 dollars in 2009, and 12,000 dollars in both 2010 and 2011.

To be sure, the presumption created by earnings above the threshold is rebuttable.[22] But Plaintiff does not rebut it in her brief nor did she file a reply. Accordingly, we can find no reason why the ALJ's determination of the first step should be overturned. For these reasons, the Commissioner's motion for summary judgment is granted, and the ALJ's decision is affirmed.


**ENTER:**

**DATED:** February 25, 2015                     /s/ Susan E. Cox_____
                                                  Susan E. Cox
                                                  United States Magistrate Judge

---

[19] *Jones v. Shalala*, 21 F.3d 191, 192 (7th Cir. 1994); *Alves v. Apfel*, 18 F.Supp.2d 935, 938 (N.D.Ill. 1998).
[20] R. at 159 (Pl.'s certified earnings record); *see also* R. at 40 (testifying to working in a nursing home).
[21] *See* http://www.socialsecurity.gov/oact/cola/sga.html. The Social Security Administration performs the necessary calculations outlined in 20 C.F.R. § 404.1574(b)(2)(ii)(B), and lists the monthly wage thresholds for each calendar year.
[22] 20 C.F.R. § 404.1574(b)(2); *Jones*, 21 F.3d at 192.